# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:16-cr-518-WFJ-TGW

CARLOS RAFAEL TELLO
CEDENO

_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Carlos Rafael Tello Cedeno, USM#: 68023-018, moves (Dkt. 112) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On August 4, 2017, Carlos Rafael Tello Cedeno was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to possess with intent to distribute and distribution of five kilograms or more of cocaine while aboard a vessel subject to U.S. jurisdiction. He received 168 months in prison. Mr. Tello Cedeno's total offense level was 35. He was assessed no criminal history points, and his criminal history was category I. Mr. Tello Cedeno's advisory sentencing range was 168-210 months, and he received a sentence at the bottom of the advisory range. The sentencing Court denied Defendant's oral request for a downward variance to 135 months. Dkt. 79. The

USPO memorandum, and the Bureau of Prisons, reports that his projected release is October 26, 2027.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Carlos Rafael Tello Cedeno is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 33 and reduces his advisory sentencing range to 135-168.

The Federal Defender appears, confirms Mr. Tello Cedeno's eligibility for a reduction, and moves unopposed to reduce his sentence to 135 months (a 33-month reduction in sentence).  Counsel argues that Defendant accepted responsibility and pled guilty and highlights his difficult childhood, poverty, and addiction to alcohol, which he overcame after his arrest.  Counsel also relies on Defendant's post-sentencing conduct, which this Court may consider in determining whether a reduction is warranted.  U.S.S.G. 1B1.10, comment. (n.1(B)(iii)).  Defendant has an "almost spotless" disciplinary record, save once he was absent from an

3

assignment. Dkt. 109 at 3. He completed courses in addition to earning his GED. *Id*.

The Court exercises its discretion to deny such a reduction. The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and finds that the factors militate against a reduction. The defendants in this large marine smuggling venture obstructed the investigation by jettisoning contraband before the Coast Guard was forced to fire upon their boat to disable and stop it. Almost a ton of cocaine was recovered, despite this dangerous obstruction. The sentence now in place is the just one. 18 U.S.C. § 3553(a)(2)(A) would be impaired by a reduction. Such a reduction would properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is subject to an ICE detainer and will likely be deported to Ecuador.

Mr. Carlos Rafael Tello Cedeno's motion (Dkt. 112) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on June 23, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE